IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SWARTZ, CAMPBELL & DETWEILER**<br>**BY:** William T. Salzer/Natasha L. Dorcus<br>Identification No. 42657/80950<br>1601 Market Street - 34th Floor<br>Philadelphia, PA 19103-2316<br>(215) 564-5190 | **Attorney for** Plaintiff |
| ROBERT SHURMAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>ELECTRONIC MANAGED ACCOUNT TECHNOLOGIES, INC.,<br>LEONARD REINHART AND<br>JAY WHIPPEL, III<br><br>                    Defendants. | CIVIL ACTION<br><br>NO. 02-2956 |

## AMENDED COMPLAINT

Plaintiff, Robert Shurman, as and for his complaint against the defendant alleges as set forth herein. The plaintiff invokes the jurisdiction of this Court pursuant to 28 United States Code, section 1332 (diversity jurisdiction).

## PRELIMINARY ALLEGATIONS

1.   Robert Shurman is an individual residing in Montauk, New York.

2.   Plaintiff is informed and believes, and thereon alleges, that defendant Electronic Managed Account Technologies, Inc. (hereinafter "EMAT") is an entity incorporated in the state of Delaware with a principal place of business located in Malvern, Pennsylvania.

3.  The plaintiff is informed and believes that while the plaintiff is a New York resident, the defendant is a Pennsylvania resident, and that there exists "complete diversity" as between the plaintiff and the defendant. The plaintiff is further informed and believes, and thereon alleges, that this is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars ($75,000.00).

4.  On or about July 25, 2000, the plaintiff entered into a written employment agreement (the "Employment Agreement") with defendant EMAT. A true and correct photocopy of that "Employment Agreement" is attached hereto as Exhibit A.

5.  Thereafter, the plaintiff entered into various related agreements with the defendant including but not limited to an option agreement and a bonus agreement (the "Related Agreements"). Copies of the Related Agreements are attached hereto as Exhibit B.

6.  The "Employment Agreement" and the related agreements, taken together, provide that defendant 1) pay to plaintiff an annual salary for the first year of $200,000; 2) pay to plaintiff an annual bonus of up to $400,000; 3) grant to plaintiff 200,000 shares of stock in defendant EMAT (with a protection against dilution); 4) pay to plaintiff relocation expenses of $50,000; and 5) provide health benefits, vacation and 401(k) participation.

7.  Pursuant to the terms of the Employment Agreement, the plaintiff's initial term of employment was until December 31, 2001. Thereafter, the plaintiff was to be employed "at will".

8. On or about August 14, 2000, the plaintiff commenced employment with the defendant. The plaintiff thereafter performed all obligations of his position in a professional and competent manner.

9. Despite plaintiff's proper performance of the obligations of his employment, on or about July 20, 2001, the defendant terminated plaintiff's employment without cause and contrary to the terms of the Employment Agreement.

10. The plaintiff is informed and believes that he is entitled to salary and related compensation pursuant to the terms of the Employment Agreement in an amount according to proof at time of trial but in no event less than Nine Hundred Sixty Six Thousand dollars ($966,000.00).

## FIRST CAUSE OF ACTION - BREACH OF WRITTEN CONTRACT

11. The plaintiff incorporates each and every allegation contained in paragraphs 1 through 10 of this complaint as though fully set forth herein at length.

12. The plaintiff has at all times fulfilled all of his obligations to the defendants as defined in the "Employment Agreement" and "Related Agreement".

13. As a result of the acts and/or omissions complained of herein, defendants are in breach of their obligations to the plaintiff for which contract damages are appropriate in an amount according to proof at trial but in no event less than Nine Hundred Sixty Six Thousand dollars ($966,000.00).

**WHEREFORE,** plaintiff, Robert Shurman, respectfully requests this Honorable Court to grant the following relief against defendant Electronic Managed Account Technologies, Inc.:

    a.    Compensatory damages for breach of contract;

    b.    Interest on all appropriate damages to the extent provided for by contract or law;

    c.    Attorneys' fees and costs as provided for by contract or by law; and

    d.    Such other and further relief as the Court may deem proper.

## SECOND CAUSE OF ACTION -WRONGFUL TERMINATION

14. The plaintiff incorporates each and every allegation contained in paragraphs 1 through 13 of this complaint as though fully set forth herein at length.

15. In pursuance of the "Employment Agreement" and "Related Agreement", the plaintiff entered into the employ of the defendant and continued in such employ until July 20, 2001.

16. In reliance on the agreements, plaintiff forewent other employment opportunities.

17. Thereafter, plaintiff was discharged by the defendant without cause or reason.

18. As a result of the acts and/or omissions complained of herein, the plaintiff has been damaged in the sum of One and One-Half million dollars ($1,500,000.00) no part of which has been paid although demanded.

**WHEREFORE,** plaintiff, Robert Shurman, respectfully requests this Honorable Court to grant the following relief against defendant Electronic Managed Account Technologies, Inc.:

    a.    Compensatory damages for breach of contract;

      b.    Interest on all appropriate damages to the extent provided for by contract or law;

      c.    Attorneys' fees and costs as provided for by contract or by law; and

      d.    Such other and further relief as the Court may deem proper.

### THIRD CAUSE OF ACTION - PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

19.    The plaintiff incorporates each and every allegation contained in paragraphs 1 through 18 of this complaint as though fully set forth herein at length.

20.    Under the Pennsylvania Wage Payment and Collection Law, claims for wages, fringe benefits, liquidated damages and attorneys fees may be brought against an employer and/ or against agents of the employer.

21.    EMAT was the employer of plaintiff under the WPCL. At the time of plaintiff's employment with EMAT, Leonard Reinhart and Jay Whippel were co-chairmen of EMAT's Board of Directors. As co-chairmen of EMAT's Board, Reinhart and Whippel acted in the capacity as joint chief executive officers of EMAT. Reinhart and Whippel, individually and/or jointly, made management decisions on behalf of EMAT, including but not limited to, matters pertaining to operations, business strategy, finances and personnel, including the decision to terminate plaintiff Shurman's employment.

22.    As such, Reinhart and Whippel are officers and/or agents of EMAT, such that they are individually liable for unpaid wages/fringe benefits owed by EMAT to plaintiff.

23. Plaintiff has not been paid all wages and fringe benefits owed for services rendered to EMAT, including but not limited to, wages earned during plaintiff's final pay period, severance benefits, paid leave and relocation expenses.

24. EMAT has also not compensated plaintiff for the value of 150,000 shares of EMAT common stock pursuant to the Shareholder Agreement and/or any other amount of EMAT shares determined to be vested under the Shareholder Agreement. EMAT issued to plaintiff common stock as compensation for services rendered which constitutes fringe benefits under the WPCL.

**WHEREFORE,** plaintiff, Robert Shurman, respectfully requests this Honorable Court to grant the following relief against defendants, Electronic Managed Account Technologies, Inc., Leonard Reinhart and Jay Whippel, III:

a. An Order declaring that defendant EMAT has violated the Pennsylvania Wage Payment and Collection Law;

b. Judgment against EMAT, Reinhart and Whippel for unpaid wages and fringe benefits in an amount according to proof; but in no event less than the amount of wages (as defined by the Pennsylvania Wage Payment and Collection Act) due and owing to plaintiff;

c. Liquidated damages against EMAT, Reinhart and Whippel in an amount according to proof, but in no event less than an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater;

      d.    Interest on all appropriate damages to the extent provided for by contract or law;

      e.    Attorneys fees and costs as provided for by contract or by law; and

      f.    Such other and further relief as the Court may deem proper.

## FOURTH CAUSE OF ACTION - DECLARATORY RELIEF

25. The plaintiff incorporates each and every allegation contained in paragraphs 1 through 24 of this complaint as though fully set forth herein at length.

26. Shurman and EMAT entered into a Shareholder's Agreement wherein EMAT agreed to grant to Shurman 150,000 shares of EMAT stock, with dilution protection, pursuant to paragraph 8 of the Shareholder's Agreement.

27. EMAT gave Shurman a certificate of stock representing 150,000 shares of EMAT stock. Shurman seeks a declaration as to the extent of his vested rights in EMAT stock issued to him and a determination as to his rights with respect to the valuation of such shares.

28. Shurman has not returned the said certificate of stock to EMAT.

29. Pursuant to the Shareholder's Agreement, Shurman has a legal right to 150,000 shares of EMAT stock and is a bona fide holder of same.

**WHEREFORE**, plaintiff Shurman respectfully requests this Honorable Court to grant the following relief:

      a.    Render an Order declaring that Shurman has a legal right to and is a bona fide holder owner of 150,000 shares of EMAT stock;

      b.      Declare that Shurman's rights to payment for the EMAT stock is governed by paragraph 8 of the Shareholder Agreement;

      c.      Such other and further relief as the Court may deem proper.

>
> Respectfully submitted,
>
> SWARTZ, CAMPBELL & DETWEILER
>
> _____
> William T. Salzer, Esquire
> Natasha L. Dorcus, Esquire
> Attorneys for Plaintiff, Robert Shurman

Date:  July 12, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SWARTZ, CAMPBELL & DETWEILER**<br>**BY:** William T. Salzer/Natasha L. Dorcus<br>Identification No. 42657/80950<br>1601 Market Street - 34th Floor<br>Philadelphia, PA 19103-2316<br>(215) 564-5190 | **Attorney for** Plaintiff |
| ROBERT SHURMAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ELECTRONIC MANAGED ACCOUNT TECHNOLOGIES, INC.,<br>LEONARD REINHART AND<br>JAY WHIPPEL, III<br><br>　　　　　　　　　　Defendants. | CIVIL ACTION<br><br>NO. 02-2956 |

## CERTIFICATE OF SERVICE

_____William T. Salzer, Esquire, attorney for plaintiff, hereby certifies that a true and correct copy of the attached Amended Complaint was served upon all interested parties, listed below, by United States Mail, first class, postage prepaid on July 12, 2002.

| | |
|---|---|
| Peter Jason, Esquire<br>Duane, Morris, LLP<br>One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 | Honorable Jan E. DuBois<br>United States District Court<br>Eastern District of Pennsylvania<br>Room 12613<br>601 Market Street<br>Philadelphia, PA 19106 |

　　　　　　　　　　SWARTZ, CAMPBELL & DETWEILER


　　　　　　　　　　_____
　　　　　　　　　　William T. Salzer, Esquire
　　　　　　　　　　Natasha L. Dorcus, Esquire

Attorneys for Plaintiff, Robert Shurman