IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT SHURMAN, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| | : No. 02-2956 |
| ELECTRONIC MANAGED ACCOUNT TECHNOLOGIES, INC. LEONARD REINHART, and JAY WHIPPEL, III | : |
| Defendants. | : |

**ANSWER OF DEFENDANT
ELECTRONIC MANAGED
ACCOUNT TECHNOLOGIES, INC.
TO THE AMENDED COMPLAINT**

Defendant Electronic Managed Account Technologies, Inc., ("EMAT"), by and through its undersigned counsel, Duane Morris LLP, answers the amended complaint as follows.

1. Denies that it has any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Admitted.

3. Denies that it has any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, except admits that EMAT is a Delaware corporation with its principal place of business in Pennsylvania, that plaintiff is not a resident of Pennsylvania or Delaware and that the amount in controversy in this action exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000).

4. Denies each and every allegation contained in paragraph 4, except admits that Exhibit A to the complaint is a true copy of a written agreement between the parties hereto.

5. Denies each and every allegation contained in paragraph 5, except admits that Exhibit B to the complaint includes a true copy of a document entitled "Annual Bonus Determination."

6. Denies each and every allegation contained in paragraph 6 and respectfully refers to the written agreement between the parties for a correct statement of the terms, conditions and provisions thereof.

7. Denies each and every allegation contained in paragraph 7 and respectfully refers to the written agreement attached as Exhibit A to the complaint for a correct statement of its terms, conditions and provisions.

8. Denies each and every allegation contained in paragraph 8, except admits that plaintiff commenced employment with EMAT on or about October 14, 2000.  EMAT specifically denies that plaintiff performed all obligations of his position in a professional and competent manner.

9. Denies each and every allegation contained in paragraph 9, except admits that EMAT terminated plaintiff's employment on or about July 20, 2001, for cause.

10. Denies each and every allegation contained in paragraph 10.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

11. EMAT repeats and realleges each of its responses to paragraphs 1 through 10, as if set forth at length herein.

12. Denies each and every allegation contained in paragraph 12.

13. Denies each and every allegation contained in paragraph 13.

## SECOND CAUSE OF ACTION

## WRONGFUL TERMINATION

14. EMAT repeats and realleges each of its responses to paragraphs 1 through 13, as if set forth at length herein.

15. Denies each and every allegation contained in paragraph 15, except admits that plaintiff was employed by EMAT until July 20, 2001.

16. Denies each and every allegation contained in paragraph 16.

17. Denies each and every allegation contained in paragraph 17, except admits that EMAT terminated plaintiff's employment on or about July 20, 2001, for cause.

18. Denies each and every allegation contained in paragraph 18.

## THIRD CAUSE OF ACTION

## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

19-24. EMAT is moving for dismissal of plaintiff's third cause of action set forth in paragraphs 19 through 24. Accordingly, EMAT does not hereby respond to the allegations contained in those paragraphs, which should be deemed denied.

## FOURTH CAUSE OF ACTION

## DECLARATORY RELIEF

25. EMAT repeats and realleges each of its responses to paragraphs 1 through 24, as if set forth at length herein.

26. Denies each and every allegation contained in paragraph 26, and respectfully refers to the written agreement between the parties for a correct statement of the terms, conditions and provisions thereof.

27. Denies each and every allegation contained in paragraph 27, except admits that plaintiff has in his possession a certificate for 150,000 shares of EMAT stock. EMAT

respectfully refers to the written agreement between the parties for a correct statement of the terms, conditions and provisions thereof.

28. Admitted.

29. Denies each and every allegation contained in paragraph 28. To the extent that this paragraph contains conclusions of law, no responsive pleading is required.

### FIRST DEFENSE

30. The amended complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

31. Plaintiff willfully failed to perform his duties under the agreement between the parties dated July 25, 2000, he engaged in willful and grossly negligent misconduct and he breached and violated EMAT's policies and standards of business conduct, as a result of which he was terminated by EMAT for cause as defined in said contract.

### THIRD DEFENSE

32. Plaintiff has failed to take reasonable steps to mitigate any damages to which he might otherwise be entitled.

### FIRST COUNTERCLAIM

33. EMAT is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 10 Valley Stream Parkway, Malvern, Pennsylvania.

34. Upon information and belief, at the time of commencement of this action and at all times thereafter, plaintiff was and still is a citizen and resident of a state other than Pennsylvania or Delaware.

35. The matter in controversy with respect to this counterclaim exceeds the sum or value of $75,000, exclusive of interest and costs. This Court has jurisdiction of the subject

matter of this counterclaim pursuant to 28 U.S.C. §1332.  This Court also has supplemental jurisdiction over the counterclaims hereinafter set forth pursuant to 28 U.S.C. §1367, in that the counterclaim is so related to plaintiff's claims that it forms part of the same case or controversy under Article III of the United States Constitution.

36. In or about July 2000, plaintiff and EMAT entered into a written employment agreement (the "Employment Agreement"), a copy of which is attached to the complaint as Exhibit "A".  At all times relevant hereto, EMAT performed all of its obligations under the Employment Agreement.

37. Plaintiff willfully and deliberately breached his obligations under the Employment Agreement in a number of ways, including but not limited to the following:

   a. Plaintiff willfully and deliberately made material misrepresentations to EMAT's Board of Directors and principals concerning the performance of specific job duties that he had undertaken to perform;

   b. Plaintiff knowingly caused EMAT to retain outside consultants at unreasonably high rates of compensation;

   c. Plaintiff deliberately and improperly caused EMAT to incur unwarranted and unnecessary expenses and plaintiff failed and refused to eliminate or reduce expenses that he had been directed to eliminate or reduce;

   d. Plaintiff knowingly failed and refused to allow EMAT to pay software licensing fees that were due and owing to licensors, as a consequence of which EMAT was obliged to incur certain costs and expenses in order to avoid the imposition of substantial penalties;

   e. Plaintiff failed to devote all of his working time to the affairs of EMAT; and

    f.    Plaintiff jeopardized EMAT's relationship with one or more important customers of EMAT, as a consequence of which EMAT was compelled to incur substantial expenses in order to preserve and repair important relationships.

    38.    By reason of the foregoing, EMAT has been damaged in an amount not less than $800,000.

WHEREFORE, defendant, Electronic Managed Accounts Technologies, Inc. demands judgement as follows:

    1.    Dismissing the complaint herein in all respects.

    2.    Awarding judgment in favor of defendant and against plaintiff in the amount of $800,000.

    3.    Awarding to defendant the costs and disbursements of this action, together with such other and further relief as the Court deems just and proper.

Dated: Philadelphia, PA  
       July 26, 2002

**DUANE MORRIS LLP**

BY: _____  
Peter Jason  
Elliott B. Sulcove  
One Liberty Place  
Philadelphia, PA  19103  
(215) 979-1174

Attorneys for Defendant Electronic Managed Account Technologies, Inc.

PH2\665739.1