IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SHURMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | No. 02-2956 |
| ELECTRONIC MANAGED ACCOUNT | : | |
| TECHNOLOGIES, INC. LEONARD | : | |
| REINHART, and JAY WHIPPEL, III | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(6) AND
<u>FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 26</u>**

**I.      <u>STATEMENT OF THE CASE</u>**

Plaintiff Robert Shurman initiated this action in November 2001 by filing a summons and two count complaint against defendant Electronic Managed Account Technologies, Inc. ("EMAT") in the United States District Court for the Eastern District of New York, claiming breach of contract (Count I) and wrongful termination (Count II).  EMAT responded to the complaint by way of answer to the first count and by filing a motion (i) for transfer of venue to this Court and (ii) to dismiss the second cause of action for failure to state a claim upon which relief can be granted.  On May 8, 2002, the Court issued an order transferring the action to this Court and deferring to this Court with respect to the motion to dismiss.  On May 21, 2002, this Court denied EMAT's motion to dismiss the second cause of action without prejudice to renewal at a later stage of the action.

On June 26, 2002, plaintiff, with leave of court, filed an amended complaint adding a claim under the Pennsylvania Wage Payment and Collection Law ("WPCL") against EMAT and adding two new defendants with respect to the WPCL claim, EMAT officers Jay Whipple and Leonard Rheinhart. The amended complaint, a copy of which is submitted herewith as Exhibit "A", also added a new claim for declaratory relief. All defendants hereby move to dismiss count III of plaintiff's amended complaint on the grounds that it fails to state a claim upon which relief may be granted under the WPCL and that plaintiff has failed to comply with his initial disclosure obligations under Fed. R. Civ. P. 26(a)(1).

II.  **ARGUMENT**

**PLAINTIFF'S CLAIM UNDER THE WPCL ASSERTED IN COUNT III OF THE AMENDED COMPLAINT FAILS AS A MATTER OF LAW**

Plaintiff's WPCL claim in count III of the amended complaint fails as a matter of law because it fails to state a claim upon which relief may be granted with respect to the value of the EMAT common stock to which he claims entitlement (Amended Complaint at ¶ 24), or with respect to his claim for "severance benefits." (Amended Complaint at ¶ 23).

In addition to the foregoing specific elements of plaintiffs claim, he also alleges as an element of his WPCL claim that he is entitled to "all wages and fringe benefits owed for services rendered to EMAT" (Amended Complaint at ¶ 23). To the extent that the generalized claim might otherwise be legally sufficient to state a claim under the WPCL, the claim should nevertheless be dismissed because plaintiff has not complied with the requirement of Fed. R. Civ. P. 26(a)(1)(C), which requires as part of each party's initial disclosures, "a computation of any category of damages claimed by the disclosing party. . . ."

### A. Plaintiff's Claim for the Value of Shares of EMAT Stock Fails as a Matter of Law Because His Employment was Terminated Prior to the Vesting of Any Shares.

The employment contract between plaintiff and EMAT, a copy of which is attached to the amended complaint as Exhibit "A", provided for the grant of 150,000 shares to plaintiff, which shares were to vest "at the rate of one-third of each grant per year, effective on the anniversary of your start date." Based upon plaintiff's own allegations, plaintiff's employment ended prior to his first anniversary date and prior to the vesting of any shares. Amended Complaint at ¶¶ 8-9.

In Regier v. Rhone-Poulenc Rorer, No. 93-4821, 1995 U.S. Dist. Lexis 9384 (E.D. Pa, June 30, 1995), aff'd, 92 F.3d 1172 (1996), the plaintiff employee was granted stock options in 1990, which would not vest in full unless the employee remained employed through March 1, 1994. When the employee announced his desire to resign his employment on December 31, 1992, the employer agreed in writing to "deem the date of [the employee's] termination . . . to be March 1, 1994." Despite this agreement, in July 1993, the employer placed a block on plaintiff's ability to exercise any stock options.

This Court found that the employee stated a claim under the WPCL because his stock options were "earned." In the Court's words:

> [A]ll of the stock options at issue in this case were earned within the meaning of the WPCL because plaintiff was not required to render any further services before they vested and became exercisable. The requirement that wages or wage supplements be earned is designed to limit the statutory remedy to amounts owed for labor which has been completed; sums which are more appropriately categorized as expectation damages -- damages arising when the employee is prevented from performing the required services by reason of an alleged improper termination -- are not covered by the statutory remedies of the WPCL but rather must be recovered in a common law

>action for breach of contract. According to the Third Circuit, 'the contract between the parties governs in determining whether specific wages are earned.' In the instant case, the parties stipulated that after December 31, 1992, plaintiff was not required to perform any further services for defendants.

Id. at *25-26 (emphasis added) (quoting Weldon v. Kraft, Inc., 896 F.2d 793, 801 (3d Cir. 1990)).

Applying these rules here, under the plain terms of plaintiff's employment contract, plaintiff had not "completed" the labor which the contract required before any options became vested and exercisable. See Employment Contract at page 2 ("Shares of EMAT granted to you shall vest over a three-year period at the rate of one-third of each grant per year, effective on the anniversary of your start date"). Because plaintiff's rights to the stock were expressly conditioned on the future rendering of services, his claim is "not covered by the statutory remedies of the WPCL but rather must be recovered in a common law action for breach of contract." See also Hirsch v. Bennett, No. 90-1076, 1991 U.S. Dist. LEXIS 5993, at * 7 (E.D. Pa. May 1, 1991), vacated in part on other grounds, 1991 U.S. Dist. LEXIS 7751 (E.D. Pa. June 10, 1991) ("Wage supplements such as guaranteed pay and fringe benefits are protected by the WPCL to the same extent as wages; that is, to the extent that they have actually vested by expenditure of time and effort").[1]

---

[1] This Court in Regier v. Rhone-Poulenc Rorer noted that one other district court had stated that stock options were distinguishable from cash compensation and did not need to be "earned" for a plaintiff to state a claim under the WPCL. However, in Scully v. U.S. Wats, Inc., 238 F.3d 497, 504 (3d Cir. 2001), an employee who was terminated "attempted to exercise his option to purchase 600,000 shares that had vested" prior to the exercise date. When the employer refused to honor the vested option, the employee brought a claim under the WPCL. The Third Circuit upheld the WPCL claim only after finding that the vested options were "earned" and did not suggest or indicate that a claim under the WPCL could be made for "unearned" stock options. See also Scully v. U.S. Wats, Inc., 1999 U.S. Dist. LEXIS 13007 * 8-9 (E.D. Pa. July 27, 1999), aff'd in part, rev'd in part, 238 F.3d 497 (3d Cir. 2001) (district court notes that Scully's argument was that "once a stock-option is vested, it has been earned"). The Third Circuit, quoting Regier v. Rhone-Poulenc Rorer, found that Scully's options were "'earned within the meaning of the WPCL because [he] was not required to render any further services before they vested and became exercisable.'" 238 F.3d at 518. In this case, by contrast,

Because plaintiff had not performed the labor required by the employment contract prior to the vesting of any shares of EMAT stock, plaintiff's WPCL claim fails as a matter of law with respect to such shares.

**B.    Plaintiff's Claims for Severance Pay Must Fail as a Matter of Law Since Plaintiff was Not Entitled to Such Benefits Under the Written Employment Agreement.**

In paragraph 23 of the amended complaint, plaintiff alleges that EMAT failed to pay "all wages and fringe benefits owed for services rendered to EMAT, including but not limited to . . . severance benefits." However, the employment agreement between plaintiff and EMAT, which defines and limits plaintiff's compensation, does not grant plaintiff any form of severance benefits. Since plaintiff is not entitled to any severance pay under the agreement, he cannot recover damages for such compensation, and his WPCL claim fails in this regard as a matter of law.

**C.    Plaintiff's Claim for General Wages Under the WPCL is Deficient Because Plaintiff Has Failed to Specify Any Damages in His Initial Disclosures Pursuant to Fed. R. Civ. P. 26.**

Plaintiff's claim for general wages contained in the third cause of action in the amended complaint should also fail, as plaintiff has not provided any damage calculations for any element of his claim, in contravention of Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure, which provides that a party must, without a discovery request, provide to all other parties:

> a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based . . . .

FED. R. CIV. P. 26(a)(1)(C).

---

plaintiff's amended complaint and the attachments thereto, establish that plaintiff was "required to render further services before [any options] vested and became exercisable."

5

Plaintiff's initial disclosures, a copy of which is attached hereto as Exhibit "B," contains no damage computations whatsoever. Promptly after the receipt of the disclosures, counsel for EMAT requested that plaintiff provide revised disclosures, including the required information regarding the computation of plaintiff's alleged damages, by letter dated June 28, 2002, a copy of which is attached hereto as Exhibit "C." Plaintiff has not provided the revised disclosures or responded to this letter.

Plaintiff's failure to disclose any damage computation warrants dismissal of this claim in its entirety. In <u>Pro Line Filter Systems, Inc. v. J.C. Carter Company, Inc.</u>, 2002 U.S. App. LEXIS 10164 at *1 (3d Cir. May 23, 2002), the Third Circuit Court of Appeals affirmed the dismissal of an action for violation of court-ordered deadlines and discovery orders, including the failure to produce Rule 26 disclosures. There, Pro Line failed to produce its Rule 26 self-executing disclosures, despite court-ordered deadlines and several requests by Carter for the information. Pro Line belatedly produced its disclosures, but they were "woefully incomplete" and several months late. <u>See id.</u> at *2. The disclosures identified individuals with potentially discoverable information, but Pro Line did not identify the subject of the information, and did not provide any computation of damages. <u>See id.</u> at *3. The magistrate judge issued an order mandating the provision of revised disclosures and answers to overdue interrogatories. Once again, Pro Line failed to comply with the order, as well as a subsequent order on the same issues. Carter filed a motion to dismiss, which was granted by the court. <u>See id</u> at *5 Affirming the district court, the Third Circuit held that it was not an abuse of discretion to dismiss the complaint, based on Pro Line's failure to provide adequate Rule 26 disclosures and interrogatory answers. <u>See id.</u> at *6.

-7-

While plaintiff's dilatory conduct in the present case has not yet reached the depth of Pro Line's misconduct, the fact remains that plaintiff has failed to provide the required damage computations, without which it is impossible for defendants to determine whether plaintiff claims to be entitled to any specific amount of "wages" attributable to any services he claims to have performed. Absent such disclosures, his WPCL claim should be denied in its entirety.

## III.  CONCLUSION

For the reasons set forth above, count III of plaintiff's amended complaint should be dismissed.

                                        Respectfully submitted,

By: _____
     Peter Jason
     Elliott B. Sulcove
     One Liberty Place
     Philadelphia, PA 19103
     (215) 979-1174

     Attorneys for Defendant, Electronic Managed Account Technologies, Inc.

PH2\666141.1