IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SHURMAN | : | |
| Plaintiff, | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| ELECTRONIC MANAGED | : | NO. 02-2956 |
| ACCOUNT TECHNOLOGIES, INC. | : | |
| Defendant/Counterclaimant. | : | |

### AMENDED SCHEDULING ORDER

**AND NOW,** this 17th day of September, 2002, upon consideration of the request of defendant, Electronic Managed Account Technologies, Inc., for a thirty (30) day extension of all dates sets forth in this Court's Scheduling Order of June 20, 2002, there being no objection, **IT IS ORDERED** that the request of defendant, Electronic Managed Account Technologies, Inc., for a thirty (30) day extension of all dates to which reference is made in this Court's Scheduling Order of June 20, 2002, which have not yet passed, is granted and the case shall proceed on the following schedule:

1. All discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by January 15, 2003;

2. All trial exhibits shall be marked and exchanged on or before January 22, 2003;

3. The parties reported that they did not plan to call any expert witnesses on liability.

On or before October 21, 2002, plaintiff shall serve defendant(s) with reports and/or responses to expert witness discovery for all such expert witnesses.

On or before November 4, 2002, defendant(s)/plaintiff on counterclaim shall identify and

submit curriculum vitae for all expert witnesses on damages.  On or before December 2, 2002, such parties shall serve all opposing parties with reports and/or responses to expert witness discovery for all such expert witnesses.

On or before December 16, 2002, plaintiff/defendant on counterclaim shall identify and submit curriculum vitae for all expert witnesses on counterclaim damages.  On or before January 6, 2003, plaintiff/defendant on counterclaim shall serve all opposing parties with reports and/or responses to expert witness discovery for all such expert witness;

4. Any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and damages shall, at the time required for submission of information and/or reports for expert witnesses on damages, serve opposing parties with details and/or documents covering the lay opinions of the Rule 701 witnesses;

5. Any discovery depositions of expert witnesses shall be taken between January 6, 2003, and January 20, 2003.

6. Any motions for summary judgment shall be filed and served on or before February 19, 2003.  Responses to any motions for summary judgment shall be filed and served within the time provided under the Local Civil Rules of this Court.  Two copies of any motions and responses shall be served on the Court (Chambers, Room 12613) when the originals are filed;;

7. All parties shall prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c) as follows:

    A.  Plaintiff - on or before April 14, 2003.

    B.  Defendant(s)/Plaintiff on Counterclaim - on or before April 21, 2003.

      C.  Plaintiff/Defendant on Counterclaim - on or before April 28, 2003.

One (1) copy of each Pretrial Memorandum shall be served on the Court (Chambers, Room 12613) when the original is filed;

    8.  The case will be placed on the Court's trial list on May 5, 2003[1];

    9.  Any party having an objection to: (A) the admissibility of any exhibit based on authenticity; (B) the admissibility for any reason (except relevancy) of any evidence expected to be offered; ©) the adequacy of the qualifications of an expert witness expected to testify; or, (D) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection in their Pretrial Memorandum.  Each objection shall describe with particularity the ground and the authority for the objection;

    10.  If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel <u>prior to trial</u> for such information.  If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial;

    11.  Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of <u>any witness</u> whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.  The unavailability of any such witness <u>will not be a ground to delay</u> the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the Court, prior to the

---

[1] All claims other than the declaratory judgment claim will be tried to a jury.  The declaratory judgment claim will be tried to the Court.  The estimated trial time is one (1) week.

3

commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections supplied therewith;

     12. The parties shall meet to prepare a complete and comprehensive stipulation of uncontested facts pursuant to (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1; two (2) copies of such stipulation shall be submitted to the Court (Chambers, Room 12613) at least three (3) days before the case appears on the trial list. The original shall be filed with the Clerk of the Court;

     13. With respect to all issues to be tried to a jury, at least three days before the case appears on the trial list, each party shall submit to the Court (Chambers, Room 126l3) two (2) copies of (a) proposed jury voir dire questions, (b) proposed jury instructions with <u>pinpoint</u> citations of authority for each point (ONE POINT PER PAGE), (c) proposed jury interrogatories, (d) motions <u>in</u> <u>limine</u>; and, (e) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court.

     If a model jury instruction taken, for instance, from O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, or Sand, <u>Modern Federal Jury Instructions</u> is submitted, the parties shall state whether the proposed jury instruction is unchanged or modified. If a party modifies a model jury instruction the modification shall be set forth in the following manner: additions shall be underlined and deletions shall be placed in brackets;

     14. With respect to all issues to be tried to a jury, at least three (3) days before the case appears on the trial list, the parties shall submit to the Court (Chambers, Room 12613) a joint

written statement of the case for reading to the jury at the commencement of the trial which shall cover (a) a brief statement of the facts; (b) a brief statement of plaintiff's cause(s) of action <u>and the essential elements of each cause of action</u>; (c) a brief statement of the defenses <u>and the essential elements of each affirmative defense</u>; (d) a brief statement of the causes of action asserted in the counterclaim <u>and the essential elements of each cause of action</u>; (e) a brief statement of the defenses to the counterclaim <u>and the essential elements of each affirmative defense</u>. The statement of the case shall not exceed three (3) pages in length;

15. With respect to all issues to be tried non-jury, at least three (3) days before the case appears on the trial list, each party shall submit to the Court (Chambers, Room 12613) two (2) copies of (a) proposed findings of fact and conclusions of law, (b) motions <u>in limine</u>, and (c) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court; and,

16. At the commencement of trial, the Court should be supplied with two (2) copies of each exhibit, and three (3) copies of a schedule of exhibits which shall briefly describe each exhibit.

**IT IS FURTHER ORDERED** that counsel shall jointly report to the Court in writing (letter to Chambers, Room 12613) on or before December 16, 2002, with respect to whether or not the case is settled. In the event the case has not settled on or before December 16, 2002, counsel shall include in their joint report a statement as to whether they believe settlement conferencing before a magistrate judge might be of assistance in resolving the case and, if so, by what date they will be prepared for such conferencing

**IT IS FURTHER ORDERED** that all contrary provisions of this Court's Scheduling Order of June 20, 2002, are **VACATED**.

**BY THE COURT:**

_____
**JAN E. DUBOIS, J.**